IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. 18-536-RGA ) |
| FRONTIER COMMUNICATIONS CORPORATION, | ) ) ) |
| Defendant. | ) ) ) |
| FRONTIER COMMUNICATIONS CORPORATION, | ) ) ) |
| Counterclaim Plaintiff, | ) ) |
| v. | ) ) |
| SPRINT COMMUNICATIONS COMPANY L.P. and SPRINT CORPORATION, | ) ) ) |
| Counterclaim Defendants. | ) ) |

**PROPOSED INTERVENOR DIALPAD, INC.'S UNOPPOSED
MOTION TO INTERVENE
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24</u>**

Proposed Intervenor Dialpad, Inc. ("Dialpad") respectfully moves to intervene in the above-captioned case as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, by the Court's permission under Federal Rule of Civil Procedure 24(b)(1)(B). Dialpad files this motion based on the grounds set forth with particularity in its accompanying Brief in Support of Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24 ("Brief").

Dialpad's motion to intervene should be granted because Dialpad has two significant protectable interests in defending against the patent-infringement counterclaim filed by Frontier against Sprint in this case: (1) Dialpad has a significant protectable interest in ensuring that the accused Sprint Dialpad Business Voice service, which is a Dialpad product that is resold by Sprint, is not found to infringe U.S. Patent No. 7,742,468; and (2) Dialpad has an interest in abiding by the terms of its Services Agreement with Sprint, including terms for indemnification and defense, and Dialpad has agreed to defend Sprint against Frontier's accusations by intervening in this case.  These interests will be substantially impaired if Dialpad is not permitted to intervene in this action, and Dialpad's interests will not be adequately protected by the existing parties.  Finally, Dialpad's motion is timely under the case schedule and will not prejudice any of the existing parties.

Undersigned counsel certifies pursuant to Local Rule 7.1.1 that Dialpad has conferred with counsel for both Sprint Communications Co. and Sprint Corp. ("Sprint") and Frontier Communications Corporation ("Frontier"), and that neither party opposes this motion or Dialpad's intervention.  As part of the meet and confer process, Dialpad has agreed not use its intervention to modify the dates in the current Scheduling Order.

NOW THEREFORE, Intervenor Dialpad Inc. respectfully requests the Court to enter the attached order granting this motion to intervene.

|  |  |
|---|---|
| | SHAW KELLER LLP |
| | |
| | */s/ John W. Shaw* |
| | John W. Shaw (No. 3362) |
| | David M. Fry (No. 5382) |
| | Nathan R. Hoeschen (No. 6232) |
| | I.M. Pei Building |
| | 1105 North Market Street, 12th Floor |
| OF COUNSEL: | Wilmington, DE 19801 |
| Stuart L. Gasner | (302) 298-0700 |
| Warren A. Braunig | jshaw@shawkeller.com |
| Sharif E. Jacob | dfry@shawkeller.com |
| Ryan K. Wong | nhoeschen@shawkeller.com |
| Taylor Gooch | *Attorneys for Proposed Intervenor* |
| Maya Perelman | *Dialpad, Inc.* |
| KEKER, VAN NEST & PETERS LLP | |
| 633 Battery Street | |
| San Francisco, CA 94111 | |
| (415) 391-5400 | |

Dated: September 25, 2018