IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-536-RGA |
| FRONTIER COMMUNICATIONS CORPORATION, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Plaintiff sought leave to file an amended complaint within the deadline to do so established by the scheduling order. (D.I. 117). Defendants opposed, arguing that the proposed amendment was futile. (D.I. 124). I referred the motion to a magistrate judge. (D.I. 146). The magistrate judge granted the motion. (D.I. 207). The amended complaint is now on the docket. (D.I. 210). Defendants have filed objections to which Plaintiff has responded. (D.I. 207, 216).

I would normally review such a non-case-dispositive motion for abuse of discretion, but the objections allege legal error, that is, that the amended complaint fails to state a claim in certain regards, making amendment futile. Thus, I review the objections *de novo*.

The magistrate judge's opinion is thorough and gives the relevant background. I presume familiarity with that opinion, and I do not repeat it here except when I think it is necessary.

Defendants state that the "seven factual allegations regarding the relationship between FCC and all its subsidiaries" is not enough to make a parent – FCC -- liable for the actions of its subsidiaries. (D.I. 216 at 3). The "seven factual allegations" refers to Defendants' summary of

twenty-three paragraphs of the proposed amended complaint. (*See* D.I. 118 at 4). While I do not see two of the factual allegations (#1 and #5) as helping Plaintiff, I think the others are sufficient. A different magistrate judge previously held that minimal factual allegations of agency at the pleading stage was sufficient. *T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, 2017 WL 896988, at *6 (D. Del. Mar. 7, 2017). That ruling makes sense. Defendants' objection to the general sufficiency of the agency allegations is overruled.

If I understand Plaintiff and the magistrate judge correctly, Plaintiff argued, and the magistrate judge agreed, that Plaintiff had alleged that FCC was responsible for the activities of four recently-acquired subsidiaries for activities of the subsidiaries before FCC acquired them, when they were apparently part of Verizon or AT&T. This dispute appears to be relevant to both liability (because eleven of the patents had expired before FCC acquired the subsidiaries) and to damages. Plaintiff argued, and I think the magistrate judge agreed, that liability for the subsidiaries' actions before FCC acquired them could be based on FCC having acquired the subsidiaries' liabilities. I do not think this is pled in the proposed complaint's paragraph 48. And, I doubt that it makes much sense that Verizon or AT&T companies were providing FCC products and services. Absent some explicit allegation that the subsidiaries were, I do not find it plausible.

Defendants object to Plaintiff's promulgation of a joint infringement theory. As to their objection to basing the joint infringement theory on agency, that parallels their first objection, and I resolve it in the same way. As to their objection that the subsidiaries act as a joint enterprise with FCC, taking the allegations in the light most favorable to Plaintiff, and considering what has to be alleged, *see IOENGINE, LLC v. Paypal Holdings, Inc.* 2019 WL

330515, at *1 (D. Del. Jan. 25, 2019), I think Plaintiff has alleged enough. Thus, the objection to the joint infringement ruling is overruled.

Defendants' final objection is that the proposed amended complaint does not sufficiently identify infringing conduct by the subsidiaries as individual defendants. While in some cases that might be a good objection, here, I think the allegation of paragraph 9 of the proposed amended complaint together with the individual counts is sufficient to allege that each of the subsidiaries makes, uses, or sells the accused products.

Thus, subject to the caveat that I do not read the proposed amended complaint as it stands as plausibly alleging any liability based on what subsidiaries did before they were FCC's subsidiaries, I agree with the magistrate judge's resolution of the motion to amend.

IT IS SO ORDERED this 31 day of January 2020.

Richard G. Andrews
United States District Judge